No. 13,950.

EATON *v.* SWEDLUND.
(68 P. [2d] 449)

Decided May 3, 1937. Rehearing denied June 1, 1937.

Messrs. SAUTER & SANDHOUSE, for plaintiff in error.

Mr. T. E. MUNSON, Mr. FRANK P. LYNCH, Mr. MABRY KING, for defendant in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE parties are here in reverse order of their appearance in the district court and will be designated as plaintiff and defendant. The cause is before us on writ of error from a judgment in favor of plaintiff entered after the trial court had sustained her motion for an instructed verdict.

One Hartman owned certain property in the town of Haxtun on which plaintiff held a deed of trust securing payment of a note. Hartman was indebted to the First National Bank of Haxtun and conveyed the property, subject to the plaintiff's trust deed, to one Anderson, a director of the bank, in trust for himself and the other directors. A contract, reciting the trust, was entered into between Mrs. Swedlund and the bank directors wherein, in consideration of the latter assuming payment of the note secured by the trust deed and payment of the taxes, she extended the note for three years. Certain payments also were to be made on the note. There being a default under this contract, Mrs. Swedlund made the following proposition:

"Haxtun, Colorado,
June 21st, 1934.

"Directors of the First National Bank,
"Haxtun, Colorado.
"Gentlemen:
 "Interest and taxes have so accumulated in connection with my loan, originally made to L. C. Hartman, that I am forced to demand some sort of settlement. To clean the matter up I am willing to accept deed to the premises

involved, subject only to my mortgage and taxes, in full settlement, thereby releasing you from any further liability in this matter. This offer is not to be good indefinitely but for a period not to exceed ten days.

"Yours very truly,

"As a further consideration for your release, the existing lease to the Haxtun Co-operative Oil Company is to be assigned to me.

"Mrs. Jennie Swedlund."

On June 26th the president of the bank, for himself and the other directors, wrote Mabry King, attorney for Mrs. Swedlund, at Sterling, Colorado, accepting the proposition and pointing out a "complication" in complying with the offer. The directors had sold the property on contract, with a deed in escrow, to one McCulloch and his son Sam. After making some payments Sam had died intestate leaving a widow and minor son as his heirs. The widow was willing to turn the property back, relinquish possession and sign any necessary papers. This letter of the 26th of June was answered by Mabry King on June 28th. In the answer he called attention to the fact that the contract with the McCullochs, which had been sent to him, did not bear the stamp of the recorder and suggested, if the contract had not been recorded, that it might be ignored and a release procured signed by the surviving McCulloch and the widow of the deceased, for herself and as the natural guardian of the minor child. In the alternative he suggested that the situation would be different if the contract had been recorded—which later was shown to be the case—in which event he suggested that a release would be required from the personal representative of the estate with the approval of the probate court.

On July 6th the president wrote another letter enclosing a deed from Anderson to Mrs. Swedlund with instructions that it be held until a release of the contract with the McCullochs could be procured. Nothing more, material to the issues herein, occurred until September

25th when for the first time Mabry King came into possession of a copy of Mrs. Swedlund's offer. On that date he wrote to Mr. McCune, president of the bank with whom he had had all correspondence, calling attention to the fact that under the proposition the transaction was to be consummated in not less than ten days and pointing out further that the deed which had been sent to Mrs. Swedlund shortly after the expiration of ten days would not convey good title by reason of the fact that the contract to the McCullochs was outstanding. He also called attention to the fact that Mrs. Swedlund "was to receive the income from the property at the beginning of ten days from the proposal," and that she had received nothing. He concluded his letter with this statement: "For these reasons she withdraws her offer to settle under the proposal, and has directed me to notify you of this fact, you in turn can communicate with the others interested." With this letter he returned the deed. On the next day, September 26th, McCune wrote King that due to the fact that they had been unable to secure action on the part of Mrs. McCulloch's attorney they had been unable to obtain the release from the contract. He stated further, "Of course our release of the McCullochs has been and is still contingent on our settlement with Mrs. Swedlund."

Nothing further transpired in connection with the matter until November 8th when the deed from Anderson was again sent to Mrs. Swedlund with fifty cents in silver for the required revenue, together with an assignment of the lease on the building which was occupied by the Haxtun Co-operative Oil Company, an insurance policy that expired on December 5th following, and a copy of an order made by the county judge bearing date November 5th, entered upon the mere oral application of Julia McCulloch, the administratrix of the estate of Samuel T. McCulloch, deceased, for permission to release the contract of sale between her deceased husband and his father and the directors of the bank. No notice was given,

no guardian ad litem was appointed for the minor, and the order was made upon the following finding: "And it appearing to the Court that there is no equity in said agreement but that the same constitutes a definite liability against the estate of Samuel T. McCulloch, deceased, and would be for the best interests of said estate and the heirs of the deceased if the same were released." Mrs. Swedlund's attorney never answered this letter, neither did he return the enclosures, but retained all of them and they were in his possession at the time of trial.

In April following Mrs. Swedlund instituted the present action on the note and contract assuming its payment. The defense was that defendant and the other directors had fully complied with the terms of Mrs. Swedlund's offer, and that in so doing the said agreement by which they assumed payment of the note had been fully performed and satisfied and defendant released from any and all liability by reason thereof. By replication plaintiff set up that there had been no compliance with the offer during the ten days specified; that on September 25th her attorney had notified Mr. McCune, and through him the other directors, that her offer was withdrawn and that the deed and release of contract subsequently tendered was insufficient to convey title to her in accordance with the terms of her offer. During the time intervening between the expiration of the insurance policy December 5th and the following April when the suit was instituted the insured building was destroyed by fire.

With the foregoing facts before him the trial court directed a verdict for the plaintiff and entered judgment in her favor for the amount of the balance due on the note, interest and costs.

The defendant contends first, that there was a full compliance with the offer of June 21st; and second, that if the deed and release tendered were not sufficient to convey title to Mrs. Swedlund she was estopped from relying on noncompliance with her offer, by the action

of Mabry King, her agent and attorney, in retaining the papers after receiving them on November 8th, without notifying the directors that he did not deem them a compliance with the terms of the offer. The trial court found that the deed and release tendered were not effective as a compliance, and that the defendant not having plead estoppel as a defense could not rely thereon. To this latter proposition the attorneys for defendant say that the matter of estoppel was brought into the case by the replication and that it was unnecessary for them to plead it. We do not differ with counsel for defendant on their contention as to this rule of law, but we think they are in error in their assumption that the question of estoppel was not available to them and did not enter the case until the replication was filed.

Defendant was notified September 25th that the offer was withdrawn. He by his pleadings and testimony relied on the fact that the directors had tendered full performance of the agreement under the offer and were thereby discharged from further liability, and in effect that Mrs. Swedlund was obligated specifically to perform on her part by releasing them from liability on their assumption contract.

As we view this matter, when the directors were notified that the offer was withdrawn, if they still desired to enforce specific performance by Mrs. Swedlund, it was their duty to tender a deed and release legally sufficient to constitute compliance on their part. We think the trial court properly found that they had failed to do so. In so failing they acted at their peril, unless facts were plead and proved which would excuse them from such compliance. The fact that the deed, the release from the McCullochs, the insurance policy, and the fifty cents for revenue stamps, had not been returned to them was well known to defendant when he answered the complaint filed in the suit commenced during the following April. With the facts constituting an estoppel— if his contention is tenable—known to him when he filed

442

his answer, he chose to rely solely on performance. Having failed to plead estoppel as a defense he cannot now successfully claim or receive the benefit of it.

Judgment affirmed.

MR. JUSTICE BOUCK, MR. JUSTICE KNOUS and MR. JUSTICE HOLLAND dissent.